IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK GINNAN, | |
| Plaintiff, | Case No. 15 C 5813 |
| v. | Judge Harry D. Leinenweber |
| GUARANTEED RATE, INC., and EQUIFAX INFORMATION SERVICES, INC., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Guaranteed Rate, Inc.'s ("GRI") Motion to Dismiss Count I of Plaintiff Patrick Ginnan's ("Ginnan") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 24]. For the reasons stated herein, GRI's Motion is denied.

### I. BACKGROUND

The Court draws the following facts, which it accepts as true, from Ginnan's Complaint. In 2003, Ginnan executed a mortgage in the amount of $363,345.00 in favor of GRI (the "Mortgage Loan"), secured by a property on North Bosworth Street in Chicago (the "Property").

Approximately ten years later, on April 27, 2014, Ginnan filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois, listing the Mortgage Loan as a debt secured by the Property. In his Chapter 13 plan, Ginnan indicated that he would surrender the Property to GRI in full satisfaction of GRI's claims. The Bankruptcy Noticing Center served

GRI with a notice of Ginnan's bankruptcy filing and Chapter 13 plan, which the Bankruptcy Court subsequently confirmed.

The Bankruptcy Court later granted GRI's Motion for Relief from the automatic stay, so that GRI could proceed with foreclosure of the Property. On June 25, 2014, the Bankruptcy Court entered an order discharging all of Ginnan's dischargeable debts, including the Mortgage Loan. GRI was served with a copy of the discharge order.

Following the discharge, on August 21, 2014, Ginnan sent a written credit dispute letter to Equifax, requesting that his credit file be updated to reflect the zero balance and discharged status of all accounts discharged in his bankruptcy. Ginnan requested that Equifax forward the letter, and attached bankruptcy filings, to "each of the creditors listed in [his] schedules." Equifax promptly responded by correcting some of Ginnan's accounts. The GRI account, however, still reported a balance of $362,809, nearly $50,000 past due by 180 days, and a scheduled payment of more than $2,000.

On October 8, 2014, Ginnan sent a second written credit dispute letter to Equifax, specifically disputing the GRI account. Again, Equifax promptly responded that it had updated the account. However, the GRI account continued to show the same $362,809 balance, past due amount, and scheduled payment as before.

Ginnan filed the instant lawsuit against both GRI and Equifax on June 30, 2015. Count I, which applies to GRI only, alleges numerous violations of Section 1681s-2(b) of the Fair Credit Reporting Act (the "FCRA"), including GRI's failure to investigate the disputed

information, report the results of any reasonable investigation, and modify or delete inaccurate information.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's allegations as true, and view them in the light most favorable to the plaintiff. *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014) (citation omitted). However, a court need not accept as true "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (internal quotations and alterations omitted).

## III. ANALYSIS

GRI argues that Ginnan's Complaint must be dismissed because Ginnan has failed to allege that Equifax put GRI on notice of the dispute or gave GRI any of the materials that Ginnan had submitted to Equifax. Ginnan contends that he has alleged Equifax gave notice to GRI, and alternatively, that FCRA does not require him to plead this.

The purpose of FCRA is to ensure that "consumer reporting agencies ["CRA"] adopt reasonable procedures for meeting the needs of

commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To achieve this goal, FCRA imposes certain duties on furnishers, the entities that transmit consumer information to CRAs. Section 1681s-2(b) provides that when a furnisher receives notice of a dispute regarding the accuracy of information from a CRA, it must investigate the dispute, review all relevant information the CRA provides, report the results of its investigation to the CRA, and, if the information is found to be inaccurate or incomplete, modify or delete that information and notify any other CRAs that received it. 15 U.S.C. § 1681s-2(b)(1)(A)-(E). These duties arise "only after the furnisher is notified pursuant to § 1681i(a)(2) by a consumer credit reporting agency that a consumer challenges information." *Rollins v. Peoples Gas Light & Coke Co.,* 379 F.Supp.2d 964, 967 (N.D. Ill. 2005). Notice under § 1681li(a)(2) requires the CRA to supply "all relevant information regarding the dispute that [it] has received from the consumer."

In *Lang,* the Seventh Circuit addressed whether a plaintiff must allege that a CRA provided notice of a dispute to a furnisher-defendant. The court held that no such allegation was required under a liberal notice pleading standard. *Lang v. TCF Nat. Bank*, 249 F.App'x 464, 466 (7th Cir. 2007). The court also stated that because "FCRA does not require a CRA to tell a *consumer* when it notifies a *furnisher of information* about the consumer's dispute," a consumer may

not be in a position to allege notification when filing his or her complaint. *Id.*

Since *Lang,* however, "[t]he majority of other judges in this district . . . have required plaintiffs to allege that defendants received the requisite notice from credit reporting agencies in order to survive the motion to dismiss stage." *Neiman v. Chase Bank, USA, N.A.,* No. 13 C 8944, 2014 WL 3705345, at *7 (N.D. Ill. July 25, 2014) (collecting cases). Departing from *Lang,* the court in *Neiman* reasoned that because a complaint must include "sufficient facts to state a claim for relief that is plausible on its face," some allegation of notice must be provided to show that a furnisher's duties under FCRA have been triggered. *Id.* The Court also noted that FCRA enables consumers to find out whether a CRA has contacted a furnisher, allowing plaintiffs to gather the facts needed to allege notification without formal discovery. *Id.* (citing *Densmore v. Gen. Motors Acceptance Corp.,* No. 03 C 1866, 2003 WL 22220177, at *2 (N.D. Ill. Sept. 25, 2003)); *see,* 15 U.S.C. § 1681i(a)(6)(B)(iii) (explaining that upon request, consumers are entitled to receive "a description of the procedure used to determine the accuracy and completeness of the information . . . including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher").

GRI contends that Ginnan's Complaint lacks "any allegations showing that GRI received notice from Equifax in form and substance sufficient to trigger any duties under the FCRA." (GRI Mem., ECF No. 25, at 6.) However, the Complaint states that GRI failed to

conduct an investigation "after receiving multiple requests . . . from Equifax and Ginnan," (Compl. ¶ 43), failed to review information "provided by Equifax and Ginnan," (*id.* ¶¶ 44, 45), failed to report the results of its investigation to Equifax "after being put on notice," (*id.* ¶ 48), failed to correct inaccurate information "within 30 days of receiving notice of a dispute from Equifax," and otherwise ignored "Equifax's requests for investigation," (*id.* ¶ 53). Ginnan also alleges that he asked Equifax to forward a copy of his dispute letter and enclosed materials to GRI. (*See,* Dispute Letters, Exs. H and J to Pl.'s Compl., ECF Nos. 1-8 and 1-10.)

Although GRI characterizes these allegations as conclusory, the Court finds that they are enough to set Ginnan's Complaint apart from others that courts in this District have dismissed for failure to allege notification. For instance, in *Rollins,* the plaintiff alleged that the CRAs "did not communicate actual statements and documentation submitted by plaintiff," pleading himself out of court. *Rollins,* 379 F.Supp.2d at 967. In *Pichugin,* the Court dismissed the plaintiff's complaint where there was no allegation that the furnisher "received a formal notification from the credit agency." *Pichugin v. Experian Info. Sols., Inc.,* No. 11 CV 04375, 2012 WL 527529, at *3 (N.D. Ill. Feb. 15, 2012). Similarly, in *Neiman,* the plaintiffs never alleged that the CRA notified the furnisher, Chase, only that "they demanded [CRAs] delete all allegedly incorrect information Chase provided." *Neiman,* 2014 WL 3705345, at *6. The court dismissed the § 1681s–2(b) claims without prejudice, permitting plaintiffs to make allegations that "any credit reporting agency notified Chase." *Id* at *8. Here,

Ginnan's allegations of notice are also made more plausible by his claim that he asked Equifax to contact GRI and provide it with a copy of his dispute letters and related materials.

While it is true that FCRA enables consumers to find out which, if any, furnishers a CRA notified, the statute does not impose a duty on plaintiffs to formally investigate the CRA's procedures before filing a complaint. *See, Varnado v. Trans Union, LLC,* No. 03 C 6937, 2004 WL 1093488, at *3 (N.D. Ill. Apr. 29, 2004). As one court cautioned, a plaintiff's failure to pursue this "easy avenue" of investigation might subject him to sanctions later on if his claim is baseless, but it is no reason to dismiss the complaint. *See, id.*

## IV. CONCLUSION

For the reasons stated herein, GRI's Motion to Dismiss ECF No. 24] is denied.

**IT IS SO ORDERED.**

                                                Harry D. Leinenweber, Judge
                                                United States District Court

Dated:1/25/2016